■ DONALD ACOSTA, Appellant, v GEORGE VATAJ et al., Respondents.—Order, Supreme Court, Bronx County (Anita Florio, J.), which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a), unanimously modified, on the law, to reverse so much thereof as dismissed plaintiff's first cause of action and that portion of the complaint is reinstated; and is otherwise affirmed without costs.

It was error for IAS to convert defendants' motion to dismiss the first cause of action for defamation (CPLR 3211 [a] [7]) into one for summary judgment under CPLR 3212 without any notice to the parties *(Four Seasons Hotels v Vinnik,* 127 AD2d 310). Such a course was particularly prejudicial to plaintiff who was deprived of any opportunity to submit a competent affidavit in support of the general allegations of malice in the pleading which were facially sufficient at this stage *(Whelehan v Yazback,* 84 AD2d 673, 674).

It was also error to give conclusive effect to defendants' position of qualified privilege before any affirmative defense to

that effect was raised in a responsive pleading *(Whelehan v Yazback, supra)*. It may be noted that a qualified privilege defense usually presents a jury question as to whether defendants' conduct was cloaked with, or transcended, the protective mantle of the privilege *(Schulman v Anderson Russell Kill & Olick,* 117 Misc 2d 162, 169).

The second cause of action making exclusive reference to punitive damages was properly dismissed *(Kallman v Wolf Corp.,* 25 AD2d 506). Concur—Rosenberger, J. P., Wallach, Asch, Kassal and Smith, JJ.