■ BIRA RABUSHKA et al., Respondents, v E. KENNETH MARKS et al., Appellants. [646 NYS2d 392] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nastasi, J.), entered September 21, 1995 in Westchester County, which denied defendants' motion to, *inter alia*, dismiss the amended complaint for failure to state a cause of action.

By resolution dated December 13, 1994, the Board of Directors of the Northern Westchester Center for the Arts (hereinafter NWCA), a not-for-profit corporation serving as a community arts center, voted to remove plaintiff Bira Rabushka from her position as NWCA's Executive Director and relieve plaintiff Charlotte A. Price from her duties as Treasurer and Chief Financial Officer. The motivation for the Board's action was plaintiffs' actions on November 15, 1994 that resulted in the transfer of $60,000 from NWCA's bank account to Rabush-

ka's personal account. An unintended result of the Board's action was this defamation action against defendants, who are NWCA board members. Following service of the amended complaint, defendants moved to dismiss it pursuant to, *inter alia*, CPLR 3016 (a) and (h), CPLR 3211 (a) (7) and (11), and N-PCL 720-a. Supreme Court denied the motion, prompting this appeal.

Our perusal of the amended complaint discloses that it complies with CPLR 3016 (a) since paragraphs 17 through 22 set forth the particular words complained of, as well as the time, manner and persons to whom the alleged defamatory statements were made (*see, Saha v Record*, 177 AD2d 763, 766). Although plaintiffs did not strictly comply with CPLR 3016 (h), there is substantial compliance inasmuch as a reading of the amended complaint reveals that it is based upon defendants' intentional infliction of harm.

Defendants assert that Supreme Court erred in not dismissing the amended complaint pursuant to CPLR 3211 (a) (11), which authorizes the dismissal of a complaint when a defendant is immune from liability pursuant to N-PCL 720-a. That statute shields directors and officers of not-for-profit corporations who serve without compensation from liability based solely upon their conduct in the execution of their office unless such conduct constituted gross negligence or was intended to cause the resulting harm to the plaintiff.

On a CPLR 3211 (a) (11) motion, Supreme Court is obligated to determine whether the defendant is entitled to the benefits conferred by N-PCL 720-a and, if it so finds, then it must ascertain whether there is a reasonable probability that the specific conduct of the defendant fell outside the protective shield afforded by N-PCL 720-a. It is undisputed that defendants are entitled to the benefits of N-PCL 720-a. Thus, the determinative issue is whether plaintiffs established that defendants intended to cause them harm (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34a, at 50). As yet, the quantum of proof that must be adduced to make the requisite showing of "reasonable probability" has not received judicial attention. In light of the legislative intent to curtail litigation against persons engaged in nonpaid charitable activities in its earliest stages (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.40), it is our view that a plaintiff must come forward with evidentiary proof showing a fair likelihood that he or she will be able to prove that the defendant was grossly negligent or intended to cause the resulting harm.

Plaintiffs' verified complaint alleges that defendants stated

that plaintiffs "embezzled money from the art center", "were involved in the embezzlement of funds", " 'embezzled' NWCA funds and committed a 'fraud' with respect to the NWCA". In her affidavit Rabushka states that in the course of the renovation of NWCA's facility in September 1994, she made a $60,000 bridge loan to NWCA that was not evidenced by any documentation, facts of which defendants were cognizant. When it appeared to her in November 1994 that the Board was intending to force her resignation, she asked Price to repay the loan. Thereafter she offered to reloan the $60,000 to NWCA if appropriate documentation was provided; her offer was disregarded. In her affidavit, Price corroborates Rabushka's averments and sets forth the steps she took to advise NWCA's officials of the loan repayment to plaintiff. She also points out that on November 25, 1994, she loaned NWCA $30,000 to prevent any overdrafts that might occur as the result of the $60,000 withdrawal to pay Rabushka.

Insofar as defendants E. Kenneth Marks, Leonard Levine and Vicki Storms (hereinafter collectively referred to as defendants) are concerned, plaintiffs have shown a fair likelihood that they will be able to prove that defendants intended to cause the resulting harm since their proof casts doubt on the veracity of the accusations of embezzlement against them (*see, Brown v Albany Citizens Council on Alcoholism*, 199 AD2d 904, 906). While defendants have denied making the alleged statements, we note that issues of fact and credibility are for the trier of fact and not the motion court (*see, Dyckman v Barrett*, 187 AD2d 553, 554).

The only proof plaintiffs adduced pertaining to defendant Pamela Levine is that she stated to an individual that "[y]ou're going to hear terrible things in the stories that are coming out—mismanagement, funds missing * * * I myself don't believe [Rabushka] embezzled money". It is further alleged that when Pamela Levine was circulating letters that were critical of Rabushka's performance to other Board members, she remarked that if Rabushka were removed from her position NWCA would immediately begin to receive funding. As this proof falls far short of satisfying plaintiffs' burden, the action against Pamela Levine should have been dismissed.

Defendants further argue that their statements are not actionable as they are expressions of pure opinion. A nonactionable pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based (*see, Steinhilber v Alphonse*, 68 NY2d 283, 289). On the other hand, where a statement of opinion implies a basis in facts

that are not disclosed to the listener, the statement is actionable since a reasonable listener would infer that the statement was conveying facts that support the opinion and are detrimental to the plaintiff (*see, Gross v New York Times Co.*, 82 NY2d 146, 152-154).

Analyzing the alleged defamatory statements presented here, we conclude that the statements made by Marks on December 2, 1994 and those made by Leonard Levine and Storms are actionable since the specific language in issue—plaintiffs embezzled funds—has a precise meaning that is capable of being proven true or false (*see, 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 142, *cert denied* 508 US 910). Moreover, a reasonable listener would have likely believed that the statements were conveying facts about plaintiffs since defendants were knowledgeable about NWCA's affairs given their official positions and the statements were meant to inform the listener about the state of those affairs.

We reach a different conclusion regarding Marks' November 22, 1994 statement to Grea Kulhanek because the record discloses that he prefaced the statement with a full recitation of the facts. Accordingly, we find that this statement is nonactionable since it constitutes pure opinion. Thus, paragraph 17 of the amended complaint should have been dismissed.

The final issue is whether defendants are entitled to the common interest privilege. This is a qualified privilege that extends to a communication made by one person to another upon a subject in which they both have an interest so as not to impede the flow of information between persons sharing a common interest* (*see, Liberman v Gelstein*, 80 NY2d 429, 437). However, this privilege may be dissolved by a showing that the defendant acted with malice (*supra*, at 437). In this instance, plaintiffs' proof that defendants knew about the loan to Rabushka and that she had a valid claim to repayment raises a triable issue of fact as to whether their statements were made with malice, i.e., with spite or ill will or with knowledge of their falsity or with reckless disregard as to their truth or falsity (*see, Dos v Scelsa & Villacara*, 200 AD2d 705, 706, *lv dismissed* 84 NY2d 840). On this point, the jury could infer malice if it found that defendants' accusations of embezzlement were unnecessary for the purpose of the privileged communication or were unjustifiably extravagant or vituperative

---

* The statement Storms allegedly made to a bank official that is set forth in paragraph 19 of the amended complaint does not fall within this definition since these two individuals did not share an interest in the internal affairs of NWCA.

(*see, Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 259-260).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion against defendant Pamela Levine and regarding the allegations contained in paragraph 17 of the amended complaint; motion granted to that extent and said claims are dismissed; and, as so modified, affirmed.