■ JOHN SOULE et al., Respondents, v JOSE M. C. LOZADA, Appellant. [648 NYS2d 790] —White, J. Appeal from that part of an order of the Supreme Court (Tait, Jr., J.), entered August 14, 1995 in Madison County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court's function is to determine whether the facts alleged in the complaint fit within any cognizable legal theory (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Obviously, to perform this task the complaint must be before the court. Here, defendant in this legal malpractice action failed to include a copy of the complaint with his motion papers. In light of this fatal defect, Supreme Court properly denied his motion. However, since we have the same power and discretion as Supreme Court and as the complaint is contained in the record, we will consider defendant's motion in the interest of judicial economy* (*see, O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 171; *Meraner v Albany Med. Ctr.*, 199 AD2d 740).

Applying the controlling principles to plaintiffs' complaint (*see, Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that the first two causes of action sufficiently set forth claims sounding in legal malpractice, as they allege that defendant's conduct in failing to file an order granting them a preliminary injunction in an action for specific performance and to comply with a CPLR 3216 demand in that action fell below acceptable standards resulting in damage to them (*see, Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132). We shall dismiss the third cause of action because there is no separate cause of action for punitive damages (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616-617).

Crew III, J. P., Casey, Yesawich Jr. and Spain, JJ., concur.

---

* We have been advised that plaintiffs have obtained a default judgment against defendant. Given the possibility that this judgment could be vacated, we do not consider this appeal to have been rendered moot.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the third cause of action in plaintiff's complaint; motion granted to that extent and said cause of action is dismissed; and, as so modified, affirmed.