■ CHRISTINA AGUINAGA, Respondent, v 342 EAST 72ND STREET
CORPORATION et al., Appellants. [787 NYS2d 283]—

Order, Supreme Court, New York County (Debra A. James,
J.), entered July 9, 2003, which denied defendants' preanswer
motion to dismiss the complaint, unanimously reversed, on the
law, without costs, and the motion granted. The Clerk is directed
to enter judgment in favor of defendants dismissing the
complaint.

This defamation action was the culmination of disputes be-
tween plaintiff, a resident and board member of a housing coop-
erative corporation, and defendant Richard Berry, also a board
member and the president of the corporation, concerning the
daily operations and management of the building. The disputes
seemed to end with Berry's resignation and a letter to the ten-
ant shareholders explaining the reasons for his action. Among
the stated reasons were an "intractable impasse" between Berry
and a "Board Member and her husband," her retention of an
attorney, and their breaches of the "confidentiality of [board]
meetings" by relaying the content of those meetings to tenant
shareholders. Berry did not specifically identify plaintiff, and he
qualified his statements as being based on his belief. Subse-
quently, plaintiff published a letter to the same audience, as-
serting her right to express her own opinions, corroborating
that the content of board discussions had been shared with ten-
ant shareholders as Berry had surmised, and providing plain-
tiff's justification for so doing.

Plaintiff's action for damages and injunctive relief rests upon
her allegation that Berry's resignation letter defamed her by
stating that she had violated her fiduciary obligations as a direc-
tor when she shared confidential communications. While
defendants have prematurely raised the qualified common-
interest privilege in their preanswer motion (*cf. Demas v Lev-
itsky*, 291 AD2d 653, 661-662 [2002], *lv dismissed* 98 NY2d 728
[2002]; *Acosta v Vataj*, 170 AD2d 348 [1991]), their motion
should have been granted by the IAS court, since plaintiff is not
identified in Berry's letter of resignation and, in any event, it is
clear that his statements were expressions of nonactionable
opinion that were corroborated by plaintiff herself.

Whether a particular statement constitutes an opinion or an objective fact is a question of law (*see Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 381 [1977], *cert denied* 434 US 969 [1977]). The allegedly harmful words must be construed in context and interpreted reasonably, and are only actionable if susceptible of a defamatory meaning. Whether a writer is conveying facts which, if shown to be false, would be actionable is also a question of law (*see Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254-255 [1991], *cert denied* 500 US 954 [1991]). In none of Berry's communications did he claim that plaintiff had breached the fiduciary obligation of a board member. While plaintiff argues that Berry's statement that she "divulged" the "confidential" discussions held during board meetings constituted an attack on her ability to function as a suitable board member, her own contemporaneous reply to Berry's resignation letter amply demonstrates that she not only divulged the content of such conversations but did so on principle. It is clear that one source of contention between plaintiff and Berry was the issue of whether board conversations should be held in confidence amongst participants, along with plaintiff's view, at the time, that she was justified. To transform this policy dispute into a tort claim would only provide one of the contestants with another method of continuing their dispute. Defamation actions serve the purpose of compensating one who has been actually damaged by libel or slander. Where, as here, plaintiff admits the truth of an expressed opinion, the words cannot be actionable. Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.