■ WAYNE A. MARTIN et al., Respondents, v COLUMBIA GREENE HUMANE SOCIETY, INC., et al., Appellants. [793 NYS2d 586]—

Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 20, 2004 in Columbia County, which denied defendants' motion to dismiss the complaint.

Plaintiffs are in the business of selling dogs and, in October 2002, one of their customers, Lynn Heller, complained to defendant Columbia Greene Humane Society, Inc. (hereinafter the Society) that a dog she had recently purchased from plaintiffs appeared sick. Defendant Matthew Tully—a volunteer at the Society who performs investigations and is a peace officer—interviewed plaintiffs and allegedly learned that they had failed to file health certificates for out-of-state dogs they sold and also had neglected to report to the Department of Agriculture and Markets certain instances of dogs dying of contagious diseases while in their possession during 2001 (*see* Agriculture and Markets Law §§ 73, 74; 1 NYCRR 65.2). According to plaintiffs, Tully returned to their home on October 31, 2002 and told them that, unless they immediately signed a document surrendering the 15 puppies on their premises to the Society, he would arrest them upon a misdemeanor charge of violating Agriculture and Markets Law § 357. They allege in their verified complaint that Tully, who is also an attorney, told them that it would be one or two days before they were arraigned, that he would ask for high bail and that he would "demand that [their five] children be placed by the Department of Social Services until plaintiffs made bail." Plaintiffs signed the surrender document and were issued an appearance ticket.

The 15 puppies (allegedly with a retail value of about $9,000) were sold by the Society, which kept the proceeds. In the criminal matter, Tully submitted an information/complaint in which he asserted, based upon information and belief, that plaintiffs had willfully sold a dog with an infectious disease to Heller. Plaintiffs' defense attorney moved to dismiss the charges and the District Attorney then withdrew the charges without prejudice. In January 2003, Tully notified plaintiffs' attorney that he

was going to reinstate the criminal charges unless plaintiffs agreed not to sell any dogs for three years. Plaintiffs responded by commencing this action alleging malicious prosecution, abuse of process, tortious interference with business relations and civil rights violations under 42 USC § 1983. Defendants' motion to dismiss was denied by Supreme Court, prompting this appeal.

Defendants contend that Supreme Court erred in not dismissing the complaint in its entirety for failure to state a cause of action. When reviewing a CPLR 3211 (a) (7) motion, the court " 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Virgem Enters. v City of New York*, 290 AD2d 708, 708 [2002], quoting *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 770-771 [1999]). Applying this liberal standard, we nevertheless conclude that the first cause of action, which alleges malicious prosecution, must be dismissed since the underlying criminal charges against plaintiffs were undisputedly voluntarily withdrawn without prejudice and there is no indication that this withdrawal was intended as a formal abandonment of the proceeding (*see Smith-Hunter v Harvey*, 95 NY2d 191, 196-198 [2000]; *Stay v Horvath*, 177 AD2d 897, 899 [1991]). Moreover, the claim for punitive damages was improperly asserted as a separate (sixth) cause of action and that cause of action should have been dismissed (*see Soule v Lozada*, 232 AD2d 825, 825 [1996]).

Reviewing the other causes of action, we note that plaintiffs' complaint contends, among other things, that before Tully went to their premises on October 31, 2002, Heller's dog had been examined by a veterinarian and found not to have any contagious or infectious disease. Plaintiffs produced an affidavit from a veterinarian supporting such contention and denying Tully's assertion that this veterinarian had told him that plaintiffs had animals with a contagious disease. There are thus factual allegations supporting plaintiffs' contention that Tully had no basis for charging them with willfully selling a dog with an infectious disease to Heller and for using the threat of immediate incarceration on that charge as a ground to gain possession of plaintiffs' 15 dogs. Based upon these facts and the further detailed allegations in the complaint, we find the remaining causes of action against Tully and the Society are sufficient to survive at this procedural juncture.

In so finding, we necessarily reject defendants' contention

that the complaint against Tully should be dismissed pursuant to CPLR 3211 (a) (11) upon the ground that he was an officer of the Society who served without compensation. Directors, officers and trustees who serve without compensation in not-for-profit corporations are protected from liability for conduct in the execution of their office, unless their conduct constitutes gross negligence or intentional harm (*see* N-PCL 720-a). "On a CPLR 3211 (a) (11) motion, Supreme Court is obligated to determine whether the defendant is entitled to the benefits conferred by N-PCL 720-a and, if it so finds, then it must ascertain whether there is a reasonable probability that the specific conduct of the defendant fell outside the protective shield afforded by N-PCL 720-a" (*Rabushka v Marks*, 229 AD2d 899, 900 [1996]). While Tully and defendant Ronald Perez, Jr., who is president of the Society, referred to Tully as an officer, plaintiffs asserted that he was merely a peace officer who volunteered for the Society. Tully did not contest this characterization by plaintiffs. A letter in the record on the Society's stationery from the treasurer of the Society characterizes Tully as an "Investigator" and "volunteer" and, tellingly, his name is not listed among the nearly 30 officers, board members and committee members printed on the stationery. Under such circumstances, we are unpersuaded that Tully established in the motion under review that he was a "director, officer or trustee" entitled to the protections afforded by N-PCL 720-a.

However, we find merit in defendants' argument that plaintiffs failed to state a cause of action against Perez. The only involvement of Perez alleged in the complaint is that he visited plaintiffs' premises with Tully on October 25, 2002. That visit does not form the basis for any cause of action in the complaint. Neither before Supreme Court nor on appeal have plaintiffs articulated an argument opposing dismissal of the action as to Perez. Accordingly, the motion to dismiss should be granted as to Perez in his individual capacity.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion dismissing the first and sixth causes of action and as denied said motion dismissing the complaint against defendant Ronald Perez, Jr.; motion granted to that extent, the first and sixth causes of action dismissed and the entire complaint against Perez dismissed; and, as so modified, affirmed.