■ CARLOS-CESAR GARCIA, Respondent, v MARIA PUCCIO, Individually and as Principal of International Business and Finance High School, et al., Appellants. [793 NYS2d 382]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered January 17, 2003, which denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The complaint alleges that, in the course of investigating an incident where plaintiff had sent one of his students to the school dean for disrupting his class, defendant Puccio, the principal, called the student's mother and demanded that she come to school to discuss allegations of corporal punishment. When the mother asked Ms. Puccio why she should go the school to discuss the incident when she had already written a letter stating that plaintiff had not done anything to her son, Ms. Puccio allegedly told her she had to come to the school because "They said that Mr. Garcia, because Mr. Garcia has been accused of corporal punishment before" (presumably quoting the mother).

Plaintiff claims that he was defamed by implication when Ms. Puccio wilfully and maliciously spoke the above-quoted words. Although he had been terminated two years earlier from a previous teaching position and given an unsatisfactory performance rating based on allegations that he had verbally and physically abused several students, that unsatisfactory rating was reversed on administrative appeal and the accusations of corporal punishment were expunged from his record.

In denying defendant's motion to dismiss for failure to state a cause of action, the motion court found that, "[o]n this record, plaintiff has articulated facts which, if proven, would establish a defamation by implication premised on 'false suggestions, impressions and implications arising from otherwise truthful statements' " (quoting *Armstrong v Simon & Schuster*, 85 NY2d 373, 381 [1995]).

On appeal, defendants contend, inter alia, that the truth of Ms. Puccio's statement that plaintiff had been previously accused of corporal punishment is undisputed, that the "plaintiff has the burden of showing the falsity of factual assertions" (*Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 245 [1991]), that truth is a complete defense to a defamation claim (*see Dillon v City of New York*, 261 AD2d 34 [1999]), and that Ms. Puccio's failure to explain to the mother that the previous allegations of corporal punishment had been expunged did not convey any false defamatory impressions.

As the Court of Appeals noted in *Armstrong*, the concern that substantially truthful speech be adequately protected has led courts to embrace different standards for measuring the sufficiency of claims of defamation by implication. However, it declined, as urged by the defendants and amici, to adopt, as this State's standard, that "the defamatory implication must be clear and inescapable" and, inasmuch as the plaintiff insisted that his was a case of false statements of verifiable fact with

inferences flowing therefrom, left for another day the choice of an appropriate test for claims of defamation by implication (*Armstrong,* 85 NY2d at 381). That day has not yet arrived, at least with regard to this case, inasmuch as our analysis must begin, as it did in *Armstrong,* by underscoring the procedural posture of this case. As in *Armstrong,* all that is before us is plaintiff's unverified complaint and defendants' motion to dismiss for legal insufficiency. Under these circumstances, an affirmance is required for the following reasons.

While Ms. Puccio, as a high school principal, would seemingly be entitled to a qualified privilege arising from her conversation with a student's mother about a subject in which they both had an interest, viz., the incident involving plaintiff and the student, defendants' reliance upon the apparent truth of Ms. Puccio's statement is premature at this point inasmuch as a claim of truth or substantial truth, like a claim of qualified privilege, is an affirmative defense to be raised in defendants' answer. Defendants may then move for summary judgment on any such defense available to them and, upon their making a prima facie showing of truthfulness or qualified privilege, the burden would shift to plaintiff to demonstrate, as he now claims, that Ms. Puccio's statement is "technically" false and was uttered with malice (*see Demas v Levitsky,* 291 AD2d 653, 661-662 [2002], *lv dismissed* 98 NY2d 728 [2002]). In taking the position that the allegations of the complaint establish the defense of truth as a matter of law, defendants would, in effect, "short-circuit that procedure" and improperly place the burden on plaintiff of anticipating their affirmative defense prior to joinder of issue (291 AD2d at 662). It would be error to give conclusive effect to defendants' position of truthfulness before any affirmative defense to that effect has been raised in their answer (*see Acosta v Vataj,* 170 AD2d 348 [1991]).

Finally, unlike *Aguinaga v 342 E. 72nd St. Corp.* (14 AD3d 304 [2005]), we cannot determine as a matter of law, on the present record consisting essentially of a bare complaint, whether the allegedly harmful words, when construed in context and interpreted reasonably, are susceptible of a defamatory meaning. Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.