■ LINDA CLARK, Appellant, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. [807 NYS2d 175]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered May 2, 2005 in Saratoga County, which granted defendants' motion to dismiss the complaint.

Plaintiff is a teacher at defendant Schuylerville Central School District. In May 2002, she sought and obtained permission from defendant Thomas S. Martin, the principal of Schuylerville Junior/Senior High School, to show her 10th grade English class the district-owned film version of Shakespeare's Macbeth, which was rated "R." Despite approving the film's viewing, Martin notified the district superintendent, defendant Leon J. Reed, and others in June 2004 that plaintiff had violated the district's general policy not to show "R" rated movies to students. Plaintiff was summarily suspended from teaching and placed on paid administrative leave for the remainder of the academic year. Martin then sent a letter to the families of plaintiff's students indicating that she would not be returning for the remainder of the school year and that the district would complete final examinations and calculate grades in a fair manner after review of all work associated with plaintiff's classes. Plaintiff thereafter commenced this action, alleging defamation based on Martin's statement regarding her alleged violation of district policy and his letter to her students' families. Prior to joinder of issue, Supreme Court granted defendants' motion for dismissal of the complaint pursuant to CPLR 3211 (a) (7). Upon plaintiff's appeal, we now reverse in part.

With respect to plaintiff's defamation claims, the sole issues before us at this preanswer stage of litigation are whether the

complaint, when liberally construed, alleges statements of fact, as opposed to protected statements of pure opinion, and whether those statements are reasonably susceptible of a defamatory connotation (*see Armstrong v Simon & Schuster*, 85 NY2d 373, 380 [1995]; *Gross v New York Times Co.*, 82 NY2d 146, 152 [1993]; *Garcia v Puccio*, 17 AD3d 199, 201 [2005]). "Whether a given statement constitutes an expression of opinion or an actionable factual assertion is a question of law for the court to decide" (*Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d 914, 915 [1999], *lv dismissed* 94 NY2d 838 [1999] [citation omitted]). In determining whether the statements at issue are assertions of fact or nonactionable expressions of opinion, we must consider "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Gross v New York Times Co., supra* at 153 [internal quotation marks and citations omitted]; *see Brian v Richardson*, 87 NY2d 46, 51 [1995]). Generally, a statement of opinion accompanied by a full recitation of the facts on which it is based will be deemed a pure opinion, while a statement of opinion that implies a basis in undisclosed facts is actionable "mixed opinion" (*see Gross v New York Times Co., supra* at 153-154; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465, supra* at 915 [1999]).

Turning first to plaintiff's claim of libel based on Martin's letter to the families of her students, defendants' assertion that the statements in the letter are true is an affirmative defense to be raised in their answer and, thus, is not properly before us in this procedural context (*see Garcia v Puccio, supra* at 201). We agree with defendants' further argument, however, that the letter is not susceptible of a defamatory meaning. The letter simply informed the families of the students that plaintiff would "not be returning for the remainder of the 2003-2004 school year," and that the district would complete all further examination and testing after reviewing the students' work during the relevant time period. Nothing in the letter impugns plaintiff's abilities as a teacher or implies that she engaged in any misconduct, even considered in the context of the alleged statements of Martin and Reed to plaintiff's students that she was being investigated. Inasmuch as "there is no defamatory meaning attached to the statement at issue which would imply that [plaintiff] is incompetent, incapable or unfit" for her position

(*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076-1077 [1997]; *cf. Garcia v Puccio, supra* at 201), the statement cannot support a claim for libel.

We reach a different conclusion, however, with respect to Martin's statement to Reed and others that plaintiff "exhibited the R-rated movie *Macbeth* to her 10th grade class in violation of the [d]istrict's policy and procedures." As plaintiff asserts, Martin's accusation that she violated the district's policy "has a precise meaning that is capable of being proven true or false" (*Rabushka v Marks*, 229 AD2d 899, 902 [1996]). Indeed, plaintiff claims that she was reinstated after a diligent investigation proved the accusation to be false. Moreover, considering the context in which the statement was made, a reasonable listener would be likely to believe that Martin's statement was factual inasmuch as he was uniquely knowledgeable about the district's policy. Given Martin's familiarity with district policy, the statement cannot be construed as a mere allegation meant to be investigated or a speculative assertion of an uninformed party (*see Gross v New York Times Co., supra* at 155-156; *cf. Brian v Richardson, supra* at 54; *Vengroff v Coyle*, 231 AD2d 624, 625-626 [1996]). Inasmuch as the statement was unaccompanied by a full recitation of the facts—i.e., the complete details of the policy—we conclude that it constitutes mixed opinion (*see Rabushka v Marks, supra* at 902; *Brown v Albany Citizens Council on Alcoholism*, 199 AD2d 904, 905 [1993]; *cf. Ferris v Loyal Order of Moose Oneonta Lodge No. 465, supra* at 915-916). Accordingly, defendants' motion to dismiss plaintiff's cause of action for defamation must be denied.

Finally, we conclude that Supreme Court properly dismissed plaintiff's cause of action for intentional infliction of emotional distress inasmuch as that cause of action falls within the ambit of her defamation claim (*see Demas v Levitsky*, 291 AD2d 653, 660 [2002], *lv dismissed* 98 NY2d 728 [2002]). In any event, the complaint does not allege sufficient facts to demonstrate that defendants' conduct was so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks and citations omitted]). The parties' remaining arguments are either not properly before us at this stage of the litigation or, upon consideration, have been found to be lacking in merit.

Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the def-

amation cause of action; motion denied to that extent; and, as so modified, affirmed.