■ LINDA CLARK, Appellant, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. [870 NYS2d 493]—

Mercure, J.P.

The underlying facts of this action are more fully set forth in our prior decision reinstating plaintiff's cause of action for defamation (24 AD3d 1162 [2005]). Briefly stated, plaintiff, a teacher at defendant Schuylerville Central School District, was placed on administrative leave after showing an "R" rated film to students. At that time, defendant Thomas S. Martin, principal of Schuylerville Junior/Senior High School, stated to Jeffrey Honeywell, an attorney retained by the District to provide legal advice and counsel, that plaintiff had shown the film in violation of the District's policies and procedures.* Plaintiff thereafter commenced this action, alleging defamation and intentional

---

* Although plaintiff initially alleged that Martin made this statement to Leon Reed, the District Superintendent (24 AD3d at 1162), she now maintains that the statement was made to Honeywell, an attorney—significantly changing the posture of the case. In that regard, we note that the action is not now before us on a motion for summary judgment, but plaintiff nonetheless concedes that without the requested deposition testimony herein, it will be "extremely difficult for [her] to establish her case and rebut the defenses."

infliction of emotional distress; all claims have been dismissed except her cause of action for defamation with regard to Martin's statement (*id.* at 1164). Upon this appeal, plaintiff challenges a Supreme Court order denying her motion to compel defendants and Honeywell to give additional deposition testimony.

We affirm. Although extensive deposition testimony has been taken from Reed, Honeywell and Martin, plaintiff seeks to compel additional testimony regarding, among other things, the statement allegedly made by Martin to Honeywell on June 4, 2004. As Supreme Court concluded, however, defendants met their burden of establishing that the attorney-client privilege attached here through the averments of Martin, Reed and Honeywell that defendants were seeking legal advice from Honeywell relating to the management of the District's teaching staff, and that their conversations with Honeywell were confidential and private (*see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378-380 [1991]; *Matter of Clouse*, 292 AD2d 675, 676 [2002]; *cf. Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454 [1997], *lv dismissed* 91 NY2d 848 [1997]). Inasmuch as defendants demonstrated "that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]) and there is no merit to plaintiff's assertion that Reed or Martin engaged in conduct from which a waiver of the privilege could be inferred, Supreme Court properly concluded that Martin's June 4, 2004 conversation with Honeywell was privileged (*see Matter of Saxton*, 219 AD2d 85, 91-92 [1996]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835-836 [1983]; *cf. Matter of Clouse*, 292 AD2d at 676). Furthermore, we note that, beyond a question regarding the privileged communications on June 4, 2004, plaintiff "failed to specify any particular question to which the witness[es] had improperly refused to respond" and, thus, Supreme Court properly denied her motion to compel (*American Reliance Ins. Co. v National Gen. Ins. Co.*, 174 AD2d 591, 593 [1991]).

Plaintiff's remaining arguments have been considered and found to be lacking in merit.

Spain, Rose, Kane and Stein, JJ., concur. Ordered that the amended order is affirmed, with costs.