■ KRACKELER SCIENTIFIC, INC., Appellant, v ORDWAY RESEARCH INSTITUTE, INC., Defendant, and RICHARD C. LIEBICH, Respondent. [949 NYS2d 286]—

Lahtinen, J.

In March 2011, plaintiff commenced a breach of contract action against defendant Ordway Research Institute, Inc., a not-for-profit corporation, seeking compensation for products with an alleged value of nearly $97,000 that had been delivered between December 2010 and February 2011 pursuant to an oral contract. Plaintiff served an amended complaint in April 2011 adding the chair of Ordway's board of directors, defendant Richard C. Liebich, as a party and also asserting a cause of action for fraud. That same month Ordway petitioned for bankruptcy protection. In May 2011, Liebich moved to dismiss the action as to him pursuant to CPLR 3211 (a) (11), which sets forth procedures designed to protect an uncompensated director of a not-for-profit corporation. Plaintiff relied solely on its verified amended complaint in opposing the motion. Supreme Court granted Liebich's motion and plaintiff appeals.

In 1986, the Legislature added N-PCL 720-a, which affords qualified immunity from litigation to directors, officers and trustees who serve without compensation in not-for-profit corporations (*see* L 1986, ch 220; *Martin v Columbia Greene*

*Humane Socy., Inc.*, 17 AD3d 839, 842 [2005]; *see also Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 112 [2009], *lv denied* 15 NY3d 703 [2010]; E. Lisk Wyckoff, Jr., Practice Commentaries, McKinney's Cons Laws of NY, Book 37, N-PCL 720-a at 513). Paragraph 11 of CPLR 3211 (a) was also enacted at that time to provide an expedited procedure for a defendant to have his or her qualified immunity addressed (*see* L 1986, ch 220). When a motion is made pursuant to such statute, a court must " 'determine whether the defendant is entitled to the benefits conferred by N-PCL 720-a and, if it so finds, then it must ascertain whether there is a reasonable probability that the specific conduct of the defendant fell outside the protective shield [of the statute]' " (*Martin v Columbia Greene Humane Socy., Inc.*, 17 AD3d at 842, quoting *Rabushka v Marks*, 229 AD2d 899, 900 [1996]). With regard to the "reasonable probability" standard, we have stated that "[i]n light of the legislative intent to curtail litigation against persons engaged in nonpaid charitable activities in its earliest stages, it is our view that a plaintiff must come forward with evidentiary proof showing a fair likelihood that he or she will be able to prove that the defendant was grossly negligent or intended to cause the resulting harm" (*Rabushka v Marks*, 229 AD2d at 900 [citation omitted]). Unlike the low threshold for defeating a motion to dismiss under other provisions of CPLR 3211 (*see e.g. ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 227 [2011]), a plaintiff faced with a motion pursuant to CPLR 3211 (a) (11) should lay bare proof supporting the alleged grossly negligent or intentional conduct and "[t]he mere possibility that such proof can develop does not suffice to keep the case alive" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34a at 55).

It is undisputed that Liebich was an uncompensated director of a not-for-profit corporation covered by N-PCL 720-a and, thus, the dispositive issue in this case is whether plaintiff produced sufficient evidentiary proof showing a fair likelihood that Liebich intended to cause the harm sustained by plaintiff. The amended verified complaint alleges that "representatives" of plaintiff met with Liebich, that he falsely indicated that Ordway could pay for the products provided by plaintiff, and such indication was relied upon by plaintiff. The "representatives" who met with Liebich are not identified. No affidavit was submitted from such individual or individuals. The source of the alleged "information and belief" upon which the allegation that Liebich knowingly made a false statement is neither identified nor explained. We agree with Supreme Court that plaintiff failed to submit sufficient proof to meet the burden established

by CPLR 3211 (a) (11) to survive dismissal when N-PCL 720-a is implicated. Accordingly, the complaint was properly dismissed as to Liebich.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.