*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                     520911
_____

JUNE MAXAM,
                          Appellant,

        v

BARBARA KUCHARCZYK,                     MEMORANDUM AND ORDER
     Individually and Doing
     Business as ELEVENTH HOUR
     RESCUE-NY,
                          Respondent.
_____

Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        June Maxam, Chestertown, appellant pro se.

        Young/Sommer LLC, Albany (Kristin Laviolette Pratt of
counsel), for respondent.

_____

Rose, J.

        Appeal from an amended order of the Supreme Court (Chauvin,
J.), entered December 4, 2014 in Warren County, which, among
other things, granted defendant's cross motion for summary
judgment dismissing the complaint.

        Shortly after adopting a dog from an animal shelter,
plaintiff decided not to keep it and contacted defendant, who
places dogs in new homes through her charitable organization
known as Eleventh Hour Rescue-NY.  Plaintiff transferred the dog
to defendant pursuant to a written agreement executed by both
parties, and defendant then posted a picture of the dog on a
social media website, resulting in its adoption.  Apparently

offended by defendant's decision to post the picture, plaintiff commenced this action seeking a preliminary injunction and an order of replevin requiring that the dog be returned to her possession. Defendant cross-moved to dismiss the complaint on various grounds. After converting defendant's cross motion to dismiss to a motion for summary judgment and allowing the parties additional time to submit further evidence, Supreme Court denied plaintiff's request for a preliminary injunction and granted defendant's cross motion dismissing the complaint. Plaintiff appeals, and we affirm.

Defendant established her entitlement to judgment as a matter of law by producing a clear, complete, signed writing (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]; Zinter Handling, Inc. v General Elec. Co., 101 AD3d 1333, 1335 [2012]). The contract's unambiguous terms required plaintiff to, among other things, "permanently and irrevocably transfer ownership of the dog to Eleventh Hour Rescue-NY" and to "irreversibly relinquish[] . . . any and all right, title and ownership that [she] had or may have had with respect to the [d]og." Defendant also produced correspondence between the parties revealing that plaintiff had initiated contact with defendant, that she had repeatedly beseeched defendant to take the dog and find it a new home, and that she was aware that she had executed the contract for the purpose of transferring ownership of the dog.

Plaintiff does not dispute the foregoing evidence. Instead, she argues that the contract is invalid because defendant fraudulently induced her to sign it by, among other things, purportedly misrepresenting her organization's charitable status and affiliations. However, Supreme Court correctly held that plaintiff's allegations against defendant fail to plead a cause of action for fraud with specific particularity and are, at best, conclusory and unsupported by any factual details relevant to the formation of the contract at issue (see CPLR 3016 [b]; Mountain Lion Baseball v Gaiman, 263 AD2d 636, 638 [1999]; Boyle v Burkich, 245 AD2d 609, 610 [1997]).

Plaintiff also claims that defendant breached a subsequent oral agreement to return the dog, but the record discloses no

consideration for any such agreement, making it unenforceable (see Locke v Pembroke, 280 NY 430, 433 [1939]).  Furthermore, plaintiff lacks standing to argue that defendant violated Executive Law article 7-a by failing to register her charitable organization, as the prosecution of such a violation is within the exclusive purview of the Attorney General (see Executive Law §§ 172 [1]; 175).  To the extent that plaintiff's remaining arguments are properly preserved, we have examined them and find them to be without merit.

    McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

    ORDERED that the amended order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court