Mulvey, J.
Appeal from that part of an order of the Supreme Court (Rumsey, J.), entered March 9, 2016 in Cortland County, which partially denied defendants’ motion to dismiss the complaint.
Plaintiff Michael J. Fallon is a physician and the sole shareholder of plaintiff Radiation Oncology Services of Central New York, P.C. (hereinafter ROSCNY). ROSCNY was the exclusive provider of radiation oncology services at defendant Our Lady of Lourdes Memorial Hospital, Inc. (hereinafter Lourdes) pursuant to a written coverage agreement. That agreement also provided that Fallon would serve as medical director of Lourdes’ radiation oncology department. In 2013, Lourdes began to explore a professional affiliation with the University of Texas MD Anderson Cancer Center (hereinafter MD Anderson). As part of the potential affiliation process, MD Anderson conducted an assessment of Lourdes’ radiation oncology services by reviewing several of Fallon’s clinical charts. The assessment report indicated quality of care issues in certain charts. MD Anderson then notified Fallon and Lourdes that Fallon would not be offered participation in its network. Defendant Kathryn Connerton, as chief executive officer of Lourdes, arranged for an independent review of these charts by an outside radiation oncologist, defendant Jan Dombrowski. When Dombrowski produced a report confirming quality of care concerns in some cases, Lourdes suspended Fallon’s clinical privileges pending a review by an internal investigative committee. The committee reviewed the Dombrowski report, confirmed “quality of care issues” and recommended Fallon’s reinstatement subject to certain conditions. This recommendation was, for the most part, approved by Lourdes’ medical executive committee. Fallon and ROSCNY were conditionally allowed to resume work, yet ROSCNYs services were terminated by Lourdes within a day for alleged breach of the coverage agreement. Fallon was also terminated as medical director of the radiation oncology department.
Plaintiffs commenced this action, alleging breach of contract, wrongful termination, breach of implied covenant of good faith and fair dealing, libel and slander. Prior to joinder of issue, de *1419 fendants moved to dismiss the complaint pursuant to CPLR 3211 or, alternatively, for summary judgment. Following service of an amended complaint, defendants renewed their motion on the same ground. Noting that the record showed factual issues requiring further discovery, Supreme Court declined to treat the motion as one for summary judgment. In its decision and order, Supreme Court dismissed one of the breach of contract claims against Lourdes and denied the remainder of defendants’ motion. Defendants appeal arguing, as limited by their brief, that Supreme Court erred in denying their motion to dismiss the libel and slander causes of action.
In a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7), “we accept as true each and every allegation made by plaintiff[s]” (Davis v Boeheim, 24 NY3d 262, 268 [2014] [internal quotation marks and citations omitted]). We must give plaintiffs the benefit of every possible inference (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Torok v Moore’s Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013]).
We reject defendants’ assertion that the libel and slander claims lacked the specificity required by CPLR 3016 (a). Although it appears that this argument was presented to Supreme Court, it was not specifically addressed in its decision. Nevertheless, we find that the specificity requirements were met as the amended complaint sets forth the particular words uttered by each of the individual defendants — Con-nerton, Dombrowski and defendant Lisa Harris, Lourdes’ vice-president of medical affairs — “as well as the time, manner and persons to whom the alleged defamatory statements were made” (Rabushka v Marks, 229 AD2d 899, 900 [1996]; see Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1560 [2010]; Saha v Record, 177 AD2d 763, 766 [1991]). As to Con-nerton and Harris, the amended complaint specifies that they each stated to others that a review had concluded that Fallon did not meet the proper and appropriate standard of care with respect to nine patients, that he gave improper doses of radiation to healthy tissue, and that he improperly supervised the radiation oncology department. The amended complaint further specifies that these statements were false. As to Dombrowski, the amended complaint sets forth 11 quotes from his report that detail actions with patients that did not meet the standard of care for radiation doses. Fallon asserts that each of these statements is false. We find that these allegations are particular, not vague characterizations or paraphrases as argued by defendants (see Rabushka v Marks, 229 AD2d at 900; compare Conley v Gravitt, 133 AD2d 966, 968 [1987]).
*1420 We turn next to defendants’ contention that the alleged defamatory statements are nonactionable because they are either true or constitute opinion. Our review of the record confirms that neither of these arguments, nor the assertions of common-law qualified privilege, were raised before Supreme Court. They are therefore unpreserved for our review (see Stein v Kendal at Ithaca, 129 AD3d 1366, 1367 [2015]; Seton Health at Schuyler Ridge Residential Health Care v Dziuba, 127 AD3d 1297, 1299 n 2 [2015]; Liere v State of New York, 123 AD3d 1323, 1324 [2014]).
As to defendants’ claims of contractual and statutory immunity, which were presented before Supreme Court, we first note that the court did not address these points in its decision, other than to correctly find that statements made with malice are not entitled to immunity under any of these statutory provisions (see Public Health Law § 2805-m [3]; Education Law § 6527 [5]; 42 USC § 11111 [a] [2]; see also Colantonio v Mercy Med. Ctr., 73 AD3d 966, 969 [2010]; Giannelli v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 160 AD2d 227, 231 [1990]). However, we find that all of these claims constitute affirmative defenses which, in the context of a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, are premature. The proper procedure is to plead them as affirmative defenses in an answer and thereafter move for summary judgment, supporting the motion with competent evidence (see Garcia v Puccio, 17 AD3d 199, 201 [2005]; Demas v Levitsky, 291 AD2d 653, 661 [2002], lv dismissed 98 NY2d 728 [2002]). Although the volume and extent of the affidavits submitted on this motion are noteworthy, the parties have not yet engaged in discovery to determine whether any of these defenses are applicable and, therefore, defendants’ motion with respect to these causes of action was properly denied (see Ackert v David, 68 AD3d 1238, 1238 [2009]).
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the order is affirmed, with costs.