Aarons, J. Appeal from an order of the Supreme Court (Cahill, J.), entered November 30, 2016 in Ulster County, which partially denied defendants’ motion to dismiss the amended complaint. Plaintiff commenced this action against defendants alleging causes of action for legal malpractice, breach of contract and fraud. In particular, plaintiff alleged that it retained defendants to provide legal services in connection with the collection of debts and foreclosure matters in which plaintiff was the mortgagee. Prior to serving an answer, defendants moved to dismiss the complaint under CPLR 3016 and 3211 (a) (7). In opposition to defendants’ pre-answer motion, plaintiff submitted an amended complaint, which added two paragraphs but otherwise mirrored the original complaint.[1] Supreme Court granted defendants’ pre-answer motion to the extent of dismissing the breach of contract cause of action. Defendants now appeal. When assessing a pre-answer motion to dismiss for failure to state a cause of action, we accept the allegations in the complaint as true and accord the plaintiff every favorable inference (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Maki v Travelers Cos., Inc., 145 AD3d 1228, 1230 [2016], appeal dismissed 29 NY3d 943 [2017]; T. Lemme Mech., Inc. v Schalmont Cent. School Dist., 52 AD3d 1006, 1008 [2008]). Such favorable treatment, however, “is not limitless” (Tenney v Hodgson Russ, LLP, 97 AD3d 1089, 1090 [2012]). Notwithstanding the broad pleading standard, bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss (see Godfrey v Spano, 13 NY3d 358, 373 [2009]; New York State Workers’ Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1592 [2017]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [2015], lv denied 25 NY3d 912 [2015]). “Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery” (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017] [citations omitted]). A legal malpractice claim requires that the plaintiff show that “the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action ‘but for’ the attorney’s negligence” (AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007] [citations omitted]; see Hinsdale v Weiermiller, 126 AD3d 1103, 1104 [2015]). The amended complaint alleged that, but for defendants’ failure to provide timely and competent legal services, plaintiff would have succeeded in the underlying debt collection and mortgage foreclosure actions. The amended complaint further alleged that “had [defendants] not failed to advise the cases in a timely and competent manner . . . , [plaintiff] would not have incurred a loss in time and value in the debt on the collection and foreclosure cases assigned to de-fendantfs].” Other than these vague and conclusory allegations, however, plaintiff failed to plead any specific facts, which, if accepted as true, would establish a legal malpractice claim. Absent from the amended complaint is any mention of an instance of deficient representation or any example of erroneous advice by defendants. Merely alleging the elements of a legal malpractice claim in a general fashion, without more, does not satisfy the liberal pleading standard of CPLR 3211. Furthermore, while a recitation of the elements of a cause of action may meet that component of CPLR 3013 requiring that the statements in a pleading provide notice of “the material elements of [a] cause of action,” the statute also requires that the pleading’s statements be “sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved” (CPLR 3013 [emphasis added]; cf. Matter of Garraway v Fischer, 106 AD3d 1301, 1301 [2013], lv denied 21 NY3d 864 [2013]; Eklund v Pinkey, 27 AD3d 878, 879 [2006]). The statements in the amended complaint fail in this regard in that they do not allege a single transaction where defendants were retained to provide legal services or a single occurrence of negligent legal representation forming the basis of the legal malpractice claim, let alone the specific underlying foreclosure action or actions in which defendants allegedly committed legal malpractice. Other than stating that defendants represented plaintiff in foreclosure actions, the amended complaint does not allege, and, more critically, it cannot reasonably be inferred from such pleading, what defendants allegedly did or did not do in a negligent fashion. The amended complaint is not just sparse on factual details—rather, it is wholly devoid of them.[2] Given the absence of detailed facts, the legal malpractice cause of action should have been dismissed (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910 [2016]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d at 1185-1186; Kreamer v Town of Oxford, 96 AD3d 1128, 1128 [2012]; compare Soule v Lozada, 232 AD2d 825, 825 [1996]). Addressing the concerns raised by the concurrence/dissent, defendants certainly could have requested a bill of particulars or moved for a more definite statement under CPLR 3024.[3] Notwithstanding the favorable standard enjoyed by plaintiff, defendants nonetheless elected to challenge the legal sufficiency of the legal malpractice allegations under CPLR 3211 (a) (7).[4] Having been apprised of defendants’ challenge and being presented with an opportunity to particularize its allegations, plaintiff, in response, submitted an amended complaint that merely added two paragraphs consisting of bare legal conclusions. Plaintiff had avenues to withstand the motion to dismiss but “[chose] to stand on [its] pleading alone” (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]). Nor do we believe that our decision will lead to unpredictability or confusion given that it reiterates the proposition that bare legal conclusions in a pleading are not entitled to consideration when assessing a motion to dismiss under CPLR 3211 (a) (7) (see Myers v Schneiderman, 30 NY3d 1, 11 [2017]; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d at 141; Maas v Cornell Univ., 94 NY2d 87, 91 [1999]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d at 1185; Wiggins & Kopko, LLP v Masson, 116 AD3d 1130, 1131-1132 [2014]). Indeed, such a motion “is useful in disposing of actions in which the plaintiff . . . has identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action” (John R. Higgitt, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:22). Plaintiff also failed to plead a fraud cause of action with the requisite specificity and detail (see CPLR 3016 [b]). According to the allegations in the amended complaint, defendants submitted invoices to plaintiff “containing] false representations as to the time spent by [defendants and legal work done by [defendants for [plaintiff]” and that “legal time and legal work alleged to have been performed on behalf of [plaintiff] by [defendants was not performed.” The amended complaint, however, does not detail what actual legal work was billed to plaintiff, but not completed by defendants (see Ben-Zvi v Kronish Lieb Weiner & Hellman, 278 AD2d 167, 167 [2000]; compare Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839-840 [2013]). As such, the fraud cause of action should have been dismissed (see Weinberg v Sultan, 142 AD3d 767, 768-769 [2016]; Maxam v Kucharczyk, 138 AD3d 1268, 1269 [2016]). In light of our determination, defendants’ alternative contention that the fraud cause of action is duplicative of the legal malpractice cause of action has been rendered academic. Peters, P.J., and Rose, J., concur. . Although defendants moved for dismissal prior to the service of the amended complaint, inasmuch as the amended complaint superseded the original complaint and the parties do not dispute that the amended complaint is the operative pleading, we consider defendants’ pre-answer motion as seeking dismissal of the amended complaint (see Sobel v Ansanelli, 98 AD3d 1020, 1022 [2012]). . This is not to say that plaintiff must plead all of the factual details to support its claim for legal malpractice, although doing so would make it more likely that plaintiff would prevail when faced with a CPLR 3211 (a) (7) motion to dismiss. . We note that plaintiff does not contend that defendants should have pursued either of these paths. . Defendants did not invoke CPLR 3211 (a) (1) and, therefore, they were not required to submit documentary evidence in support of their motion.