**ARK406 Doe v Jesuit Fathers & Bros.**

2024 NY Slip Op 30357(U)

January 30, 2024

Supreme Court, New York County

Docket Number: Index No. 950370/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. SABRINA KRAUS</u>      PART      **57M**

*Justice*

-------------------------------------------------------------------------X

ARK406 DOE,

                Plaintiff,

           - v -

JESUIT FATHERS AND BROTHERS, JESUIT FATHERS
AND BROTHERS A/K/A SOCIETY OF JESUS D/B/A U.S.A.
MIDWEST PROVINCE OF THE SOCIETY OF JESUS F/K/A
CHICAGO PROVINCE OF THE SOCIETY OF JESUS,
DOES 1-5 WHOSE IDENTITIES ARE UNKNOWN TO
PLAINTIFF

                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 950370/2021 |
| MOTION DATE | 09/11/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 50, 51, 52, 53, 54, 55, 56, 57, 60, 61, 62, 63, 64, 65

were read on this motion to/for               DISMISS            .

## BACKGROUND

Plaintiff alleged being sexually abused as a child by Jesuit priest, Father Maurice Meyers, S.J. ("Meyers") while on camping trips at Ten Mile River Camp in Narrowsburg, New York and Alpine Scout Camp in Alpine, New Jersey. Plaintiff alleges that at all relevant time Plaintiff was a New York State Resident.

Defendants The New York Province of the Society of Jesus and The USA Northeast Province of the Society of Jesus, Inc. i/s/h/a Jesuit Fathers and Brothers d/b/a The New York Province of the Society of Jesus a/k/a U.S.A. Northeast Province of the Society of Jesus move to dismiss the second amended complaint pursuant to CPLR 3211(a)(7) and (a)(5).

The motion is denied for the reasons set forth below.

**950370/2021 DOE, ARK406 vs. JESUIT FATHERS AND BROTHERS**
**Motion No. 003**

**Page 1 of 4**

## DISCUSSION

New York's pleading standard is fundamentally notice pleading—a very liberal standard.

CPLR 3013 provides:

Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.

"The allegations of a complaint generally need not be set forth in detail; it is sufficient if the parties are (1) put on notice of the underlying transactions or occurrences, and (2) the material elements of the cause of action are stated." *Mid-Hudson Valley Fed. Credit Union v. Quartararo & Lois, PLLC*, 64 N.Y.S.3d 389, 393 (3d Dep't 2017), *aff'd*, 31 N.Y.3d 1090 (2018). Furthermore, "[a] complaint need not, and should not, anticipate and refute defenses." *Sabater ex rel. Santana v. Lead Indus. Ass'n, Inc.*, 704 N.Y.S.2d 800, 804 (Sup. Ct. Bronx Cnty. 2000).

Plaintiff's Complaint meets both requirements.

On both a CPLR §3211(a)(5) motion to dismiss on the ground that a cause of action is barred by the applicable statute of limitations and a CPLR §3211(a)(7) motion to dismiss for failure to state a cause of action, a court must give the pleading a liberal construction, accept the facts as alleged in the complaint as true, and afford the plaintiff the benefit of every possible favorable inference. *J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324, 334 (2013); *U.S. Bank Nat'l Ass'n v. Gordon*, 72 N.Y.S.3d 156, 159 (2d Dep't 2018); *Sokoloff v. Harriman Estates Dev. Corp.*, 96 N.Y.2d 409, 414 (2001).

"The sole criterion is whether from the complaint's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Operative Cake Corp. v. Nassour*, 910 N.Y.S.2d 358 (2d Dept., 2005); *Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 827 N.Y.S.2d 231, 234 (2d Dept., 2006).

**950370/2021   DOE, ARK406 vs. JESUIT FATHERS AND BROTHERS**       **Page 2 of 4**
**Motion No.  003**

Defendant seeks to dismiss "that portion of plaintiff's second amended complaint which alleges claims of sexual misconduct in New Jersey as time barred given that the claims were asserted beyond New York's revival window under CPLR 214-g." However, no new claims or causes of action were asserted in the Second Amended Complaint. The allegations relating to the sexual abuse by Meyers in Plaintiff's Second Amended Complaint are identical to those alleged in Plaintiff's Complaint filed June 18, 2021. Namely that from approximately 1956 to 1957, when Plaintiff was approximately 11 to 12 years old, Meyers engaged in unpermitted sexual contact with Plaintiff.

Plaintiff asserted his causes of action and made allegations relating to the sexual abuse that occurred in New Jersey in the original Complaint, but just did not specify in the prior complaint the location where the alleged abuse occurred.

Defendant argues that some of Plaintiff's claims are time-barred because Plaintiff does not allege that he was a resident of New York at the time of abuse. This argument is defeated by the Second Amended Complaint itself wherein Plaintiff explicitly alleges that at all times material, Plaintiff resided in the State of New York. All material times includes the time of the alleged abuse.

As acknowledged by movants, actions revived under the CVA include claims where the abuse took place outside the state as long as plaintiff was a New York State Resident when the abuse occurred. *Wolloch v. The United Synagogue of Conservative Judaism* 219 AD3d 421(1st Dept, 2023); *Shapiro v. Syracuse University* 208 Ad3d 958 (4th Dept, 2022). A claim that accrues in favor of a New York resident will be governed by the New York statute of limitations regardless of where the claim accrued. *Doe v. Diocese of Brooklyn*, 2023 NY Slip Op.

**950370/2021   DOE, ARK406 vs. JESUIT FATHERS AND BROTHERS**
**Motion No. 003**

**Page 3 of 4**

[* 3]

3 of 4

31014(U)(*CVA revival window applied to a New York plaintiff's claims, where sexual abuse occurred in Canada*).

Based on the foregoing, the motion to dismiss the second amended complaint is denied.

WHEREFORE it is hereby:

ORDERED that the motion to dismiss the second amended complaint is denied; and it is further

ORDERED that movants shall serve and file an answer within 30 days of the date of this order; and it is further

ORDERED that counsel appear for a virtual compliance conference on March 20, 2024 at 3:00 PM; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied.

This constitutes the decision and order of this court.

20240130170848SBKRAUS92DD6E8EC9194BB8A2C6A9158C780428

| 1/30/2024 | | | | | | |
|-----------|--|--|--|--|--|--|
| **DATE** | | | | SABRINA KRAUS, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**950370/2021   DOE, ARK406 vs. JESUIT FATHERS AND BROTHERS**
**Motion No.  003**

Page 4 of 4

4 of 4