■ KERSTI FERGUSON et al., Respondents, v SHERMAN SQUARE REALTY CORP. et al., Defendants, and RAJIV GULATI, Appellant. KERSTI FERGUSON et al., Respondents, v SHERMAN SQUARE REALTY CORP. et al., Defendants, and SHELLEY BENGIS, Appellant. KERSTI FERGUSON et al., Respondents, v SHERMAN SQUARE REALTY CORP. et al., Defendants, and KAYLE WATSON et al., Appellants. [817 NYS2d 272]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered on or about January 20, 2005, which denied the motion of defendants-appellants Kayle Watson, Harold Koenigsberg, Diane Wilner, Laura Seigal, Larry Seigal and Shari Leigh Gordon to dismiss the action for failure to state a cause of action, and orders, same court and Justice, both entered April 5, 2005, which denied, with leave to renew, motions by defendants-appellants Shelley Bengis and Rajiv Gulati for summary judgment, unanimously reversed, on the law, without costs, the motions granted and the amended complaint dismissed as against all defendants-appellants. The Clerk is directed to enter judgment accordingly.

We consider the motion to dismiss as directed against the amended complaint that plaintiffs, the former president of defendant residential cooperative and his fiancée, submitted in their opposition to the motion (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38 [1998]) and find that plaintiffs' conclusory allegations of malice on the part of defendants shareholders, in circulating to other shareholders the allegedly defamatory flyers, are insufficient to overcome the moving defendants' qualified common-interest privilege (*see Liberman v Gelstein*, 80 NY2d 429, 438-439 [1992]). Moreover, given the context in which they were made, the offending statements in the flyers, which essentially sought to remove the co-op's board of directors and replace it with a board willing to conduct an independent investigation of alleged mismanagement and financial

improprieties, are not susceptible to a defamatory meaning or are opinions about plaintiffs' actions accompanied by a recitation of the facts upon which they were based (*see Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]; *J.C. Klein, Inc. v Forzley*, 289 AD2d 79, 80 [2001]).

The opposing affirmations of plaintiffs' attorney, alleging, inter alia, a campaign to "ruin" plaintiff DeRosa by defaming his fiancée, who worked for the cooperative's managing agent, and arguing that plaintiffs are entitled to an opportunity to conduct discovery regarding defendants' motives and knowledge, were insufficient to withstand the moving defendants' motions to dismiss and for summary judgment. Moreover, notwithstanding the pleading of purported special damages in the amended complaint, plaintiffs failed to state a cause of action for libel or slander per se. A fair reading of the offending statements in the flyers does not permit a finding that plaintiffs were accused of ineptitude in their professions or that their reputations in those professions (professional musician and real estate agent) were damaged. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.