■ DARRELL BRIDGERS et al., Appellants, v CHRISTOFER WAGNER, Respondent. [915 NYS2d 265]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 7, 2009, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the causes of action for defamation, slander, libel, tortious interference with business relations and with contract, and intentional infliction of emotional distress, unanimously affirmed, without costs.

The defamation, libel, slander and intentional infliction of emotional distress claims are barred by the one-year statute of limitations (CPLR 215 [3]). There is no basis to toll the limitations period. Defendant did nothing to actively mislead plaintiffs or prevent them from timely bringing this action (see O'Hara v Bayliner, 89 NY2d 636, 646 [1997], cert denied 522 US 822 [1997]). Moreover, defendant's e-mail to the board of directors of the cooperative, stating that he believed that plaintiffs had made unapproved renovations to their apartment, was not defamatory (see Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288 [2006]), and his alleged conduct was not "extreme and outrageous," as required to establish intentional infliction of emotional distress (see Howell v New York Post Co., 81 NY2d 115, 121 [1993]).

Plaintiffs' allegation that the cooperative board's minutes referring to the allegedly illegal work performed in their apartment discouraged a potential purchaser is insufficient to support their claim of tortious interference with contract or with prospective business relations (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424-425 [1996]). Concur—Saxe, J.P., Moskowitz, Richter, Manzanet-Daniels and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SUAZO LOPEZ, Appellant. [914 NYS2d 892]—Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered March 11, 2009, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim's identification testimony was corroborated by defendant's behavior after the crime and his incriminating statements to the police. Concur—Saxe, J.P., Moskowitz, Richter, Manzanet-Daniels and Román, JJ.