Appeal from order, Supreme Court, New York County (Joan A. Madden, J), entered on or about August 6, 2012, which, insofar appealed from as limited by the briefs, denied plaintiffs’ motion for partial summary judgment on their claim that defendants tortiously interfered with their business relations with prospective buyers of their apartment, granted defendants’ cross motion for summary judgment dismissing the causes of action for declaratory judgment, libel, tortious interference with business relations, tortious interference with contract, and intentional infliction of emotional distress, and declared that plaintiffs had violated their proprietary lease, deemed an appeal from judgment, same court and Justice, entered August 14, 2012, and, so considered, the judgment unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 6, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiffs’ motion for sanctions against defendants and their counsel, unanimously dismissed, without costs.
In Bridgers v Wagner (80 AD3d 528 [1st Dept 2011], lv denied 17 NY3d 717 [2011]), which arose out of many of the same facts and circumstances as the case at bar, this Court held, “Plaintiffs’ allegation that the cooperative board’s minutes referring to the allegedly illegal work performed in their apartment discouraged a potential, purchaser is insufficient to support their claim of tortious interference with contract or with prospective business relations” (id. at 528). Thus, the tortious interference claims in the instant case were properly dismissed.
In Bridgers, we also said that Wagner’s “conduct was not extreme and outrageous, as required to establish intentional infliction of emotional distress” (id. [internal quotation marks omitted]). The alleged conduct of defendants in the instant case is less extreme and outrageous than the conduct attributed to Wagner. Accordingly, the intentional infliction of emotional distress claim in this case was also properly dismissed.
*607 The board minutes about which plaintiffs complain are not defamatory (see Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288, 288-289 [1st Dept 2006]). Even if, arguendo, they were defamatory, they are protected by the common-interest privilege (see e.g. Liberman v Gelstein, 80 NY2d 429, 437 [1992]), which plain tiffs’ allegations of malice are insufficient to overcome (see Ferguson at 288).
Plaintiffs abandoned their appeal from the dismissal of their breach of contract and breach of fiduciary duty claims by failing to address them in their opening brief (see e.g. Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
Plaintiffs’ right to appeal from the sanctions order terminated with entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). Even if the order was reversed, the reversal would have no affect on the final judgment dismissing plaintiffs’ claims (see Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-42 [2012]).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur — Tom, J.E, Friedman, Saxe, Richter and Clark, JJ.