Savitt v Cantor (2020 NY Slip Op 07305)





Savitt v Cantor


2020 NY Slip Op 07305


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 653476/18 Appeal No. 12520 Case No. 2020-02024 

[*1]Ephraim Savitt, etc., Plaintiff, Leah Savitt, Plaintiff-Appellant,
v
Mark Cantor et al., Defendants-Respondents. 165 West End Avenue Owners Corporation Nominal Defendant.


Law Office of Ephraim Savitt, New York (Ephraim Savitt of counsel), for appellant.
Braverman Greenspun P.C., New York (Tracy Peterson of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 13, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the defamation claims, unanimously affirmed, without costs.
The complaint fails to state a cause of action for slander or libel per se, as none of the allegedly defamatory statements made by defendants accuse plaintiff Leah Savitt of ineptitude in her profession, and the complaint does not allege how, if at all, her professional reputation was damaged by the offending statements (see Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288, [*2]289 [1st Dept 2006]). Contrary to plaintiff's contention that the motion court improperly determined on a motion to dismiss that the remarks were not defamatory (except for one, for which no special damages were pleaded), "[w]hether particular words are defamatory presents a legal question to be resolved by the court in the first instance" (Aronson v Wiersma, 65 NY2d 592, 593 [1985]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020