Harpaz v Dunn (2022 NY Slip Op 02062)





Harpaz v Dunn


2022 NY Slip Op 02062


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 152313/20 Appeal No. 15590 Case No. 2021-02111 

[*1]Hadas Harpaz, Plaintiff-Appellant,
v
Suanne Dunn, Defendant-Respondent, John Does, Defendants.


Kishner Miller Himes P.C., New York (Bryan W. Kishner of counsel), for appellant.
Eustace Prezioso & Yapchyanyk, New York (Hillary A. Fraenkel of counsel), for respondent.



Order, New York County (Shawn T. Kelly, J.), entered on or about May 19, 2021, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
Defendant, who is the president of the board of managers of a residential condominium, made alleged defamatory statements about plaintiff, the board treasurer, during a board meeting by calling for a vote to rebuke plaintiff based on reports that she was harassing condominium employees. The vote to rebuke plaintiff passed and that fact was published in the board minutes. Plaintiff was subsequently removed from her position as board treasurer.
As defendant and the attendees of the board meeting constituted a group with a common interest, the statements at issue are cloaked in common-interest privilege (see Liberman v Gelstein, 80 NY2d 429, 437 [1992]), and the motion court correctly dismissed the action as foreclosed by defendant's qualified privilege, as plaintiff's allegations of malice on the part of defendant are conclusory (see Ferguson v Sherman Sq. Realty Corp., 30 AD3d 288, 288 [1st Dept 2006]). Despite any enmity that exists between the parties, plaintiff admits that condominium employees complained about her to the building's managing agent, and that she was instructed to cease communication with them outside her responsibilities as board treasurer. Plaintiff makes no factual allegations to support her contention that defendant knew these employees' complaints were false, or that defendant recklessly disregarded the truth, or that the statements were motivated by ill will or spite (see Suozzi v Parente, 202 AD2d 94, 101 [1st Dept 1994], lv denied 85 NY2d 923 [1995]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022