Miller v Appadurai (2023 NY Slip Op 01237)

Miller v Appadurai

2023 NY Slip Op 01237

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 160329/20 Appeal No. 17473 Case No. 2022-00656 

[*1]Dr. Mark Crispin Miller, Plaintiff-Appellant-Respondent,
v
Arjun Appadurai et al., Defendants-Respondents-Appellants.

Sussman & Goldman, Goshen (Michael H. Sussman of counsel), for appellant-respondent.
Davis Wright Tremaine LLP, New York (Jeremy Chase of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about February 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint under CPLR 3211(a)(7) and denied defendants' request for counsel fees, unanimously affirmed, without costs.
This defamation action is premised on a letter (the Letter) emailed by defendants, professors in New York University's (NYU) Department of Media, Culture, and Communication (MCC), to NYU's Dean and Provost, requesting that NYU undertake an expedited review of certain actions of plaintiff, a fellow MCC professor. The Letter was attached to plaintiff's operative amended complaint. Rather than answering the complaint, defendants moved to dismiss under CPLR 3211(a)(1), (a)(7), and (g), and sought counsel fees under Civil Rights Law § 70-a(1)(a).
Supreme Court properly denied dismissal under CPLR 3211(g) and defendants' request for counsel fees. This action is not a SLAPP lawsuit. The Letter concerns "a purely private matter" (Civil Rights Law § 76-a[1][a], [d]) and was "directed only to a limited, private audience" (Huggins v Moore, 94 NY2d 296, 303 [1999]). Although the Letter touched on topics of public interest, those topics were not its focus. Rather, the Letter was an internal complaint about the behavior of a fellow employee. Under these circumstances, its content was not within the sphere of public interest (see generally id. at 302; Coleman v Grand, 523 F Supp 3d 244, 251-252, 259-260 [ED NY 2021]).
Supreme Court, however, improvidently dismissed the complaint under CPLR 3211(a)(7) on the ground that the complaint failed to plead malice sufficient to rebut the common-interest privilege, because defendants had not yet answered and asserted that privilege as an affirmative defense (see e.g. Fletcher v Dakota, Inc., 99 AD3d 43, 55-56 [1st Dept 2012]; Garcia v Puccio, 17 AD3d 199, 201 [1st Dept 2005]; Demas v Levitsky, 291 AD2d 653, 661 [3d Dept 2002], lv dismissed 98 NY2d 728 [2002]; Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [3d Dept 2010]; see also Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 148 AD3d 1418, 1420 [3d Dept 2017]; cf. Harpaz v Dunn, 203 AD3d 601, 602 [1st Dept 2022]; Sagaille v Carrega, 194 AD3d 92, 95-96 [1st Dept 2021], lv denied 37 NY3d 909 [2021]; L.Y.E. Diamonds, Ltd. v Gemological Inst. of Am., Inc., 169 AD3d 589, 590-591 [1st Dept 2019]; O'Neill v New York Univ., 97 AD3d 199, 212-213 [1st Dept 2012]; Green v Combined Life Ins. Co. of N.Y., 69 AD3d 531, 531 [1st Dept 2010]).
Dismissal of the complaint was, nevertheless warranted under CPLR 3211(a)(7) because the Letter was nonactionable opinion (see generally Davis v Boeheim, 24 NY3d 262, 268-270 [2014]). The Letter, read as a whole and in context, would not lead a reasonable reader to believe that it was conveying facts but rather, that its clear purpose was to advocate for an expedited investigation [*2]into plaintiff's purported misconduct (see e.g. Brian v Richardson, 87 NY2d 46, 53 [1995]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023