KIND Operations Inc. v AUA Private Equity Partners, LLC (2023 NY Slip Op 02064)

KIND Operations Inc. v AUA Private Equity Partners, LLC

2023 NY Slip Op 02064

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 653788/19 Appeal No. 85 Case No. 2022-01843 

[*1]KIND Operations Inc., Plaintiff-Appellant,
v
AUA Private Equity Partners, LLC, et al., Defendants-Respondents, PA Co-Man, Inc. Formerly Known as TruFood Mfg., Inc., et al., Defendants.

Goodwin Procter LLP, New York (Jeffrey A. Simes, and Jordan F. Bock of the bar of the State of California and Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Vedder Price P.C., New York (Mitchell D. Cohen of counsel), for respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered March 24, 2022, which denied plaintiff's motion for leave to amend the complaint to replead a breach of contract cause of action against defendant AOG, LLC d/b/a TruFood Manufacturing (AOG) and a tortious inference with contract cause of action against defendant AUA Private Equity Partners, LLC (AUA), unanimously modified, on the law and the facts, to grant the motion for leave to amend the complaint to replead the breach of contract cause of action against AOG, and otherwise affirmed, without costs.
Plaintiff's claims are premised on a contract in which defendant PA Co-Man, Inc. f/k/a TruFood Mfg., Inc. (TruFood) agreed to manufacture products for plaintiff, using plaintiff's propriety and confidential information. Supreme Court previously granted AOG and AUA's collective motion to dismiss the complaint as against them under CPLR 3211 (a) (1) and (7), and this Court affirmed (Kind Operations Inc. v AUA Private Equity Partners, LLC, 195 AD3d 446 [1st Dept 2021]).
In this order on appeal, Supreme Court should have granted plaintiff leave to amend the complaint to replead its breach of contract cause of action against AOG, as it was not palpably insufficient or devoid of merit (see Leyton v Siegel, 212 AD3d 521, 523 [1st Dept 2023]; CPLR 3025 [b]). AOG and AUA cite no persuasive basis to find that the acknowledgement executed by plaintiff and AOG, in which AOG agreed to take over certain of TruFood's obligations in the underlying contract, bars plaintiff's breach of contract claims by refuting any de facto merger claim. That acknowledgment did not communicate an intentional waiver of plaintiff's claims (see General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236 [1995]).
The proposed second amended complaint sufficiently alleges a de facto merger between TruFood and AOG (see Matter of New York City Asbestos Litig., 15 AD3d 254, 256 [1st Dept 2005]) to render AOG liable for breach of plaintiff's contract originally entered into with TruFood. The allegations therein, read in the light most favorable to plaintiff and taken with the documents submitted by plaintiff, support the inference that defendant Peter Tsudis was an indirect shareholder in TruFood (through a partial interest in defendant Tsudis Holding Company, TruFood's parent) and became an indirect shareholder in AOG (through a partial interest in TruFood Mfg. Holdings, LLC, AOG's parent) (see Matter of TBA Global, LLC v Fidus Partners, LLC, 132 AD3d 195, 210 [1st Dept 2015]). AOG and AUA do not dispute that the proposed second amended complaint alleged cessation of TruFood's ordinary business operations and the dissolution of TruFood as soon as possible after the transaction. Thus, the proposed second amended complaint pleaded the most critical factors for a de facto merger, which suffices at this stage (see Matter of New York City Asbestos Litig., 15 AD3d at 256-257).
The proposed second amended [*2]complaint adequately alleged breach of contract damages. Contrary to AOG and AUA's contentions, the transfer of TruFood's assets to secured third-party creditors and the purchase of those assets by AOG plainly fall within the contractual definition of "Change of Control Transactions" and thus, under the manufacturing agreement, TruFood was required to give plaintiff prior notice of those transactions and obtain its consent. Plaintiff sufficiently alleges that its damages of payments to suppliers and damaged business relationships were derived from the manufacturing agreement and resulted from the alleged breach. AOG and AUA's remaining arguments concerning damages prematurely raise affirmative defenses not yet asserted (see Garcia v Puccio, 17 AD3d 199, 201 [1st Dept 2005]; accord Miller v Appadurai, — AD3d &mdash, 2023 NY Slip Op 01237, *1 [1st Dept 2023]; see also Solomon v Bell Atl. Corp., 9 AD3d 49, 55 [1st Dept 2004]; CPLR 3018 [b]).
Supreme Court properly determined that the proposed second amended complaint did not state a cause of action for tortious interference with contract because it failed to plead procurement (see generally Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]). The new allegations do not correct the defect previously identified by this Court and thus, leave to amend to replead the proposed tortious interference with contract claim was properly denied because it is palpably insufficient and devoid of merit (see Leyton v Siegel, 212 AD3d at 523; CPLR 3025 [b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023