**Fine Craftsman Group, LLC v Dwyer**

2026 NY Slip Op 30699(U)

February 26, 2026

Supreme Court, New York County

Docket Number: Index No. 157555/2023

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. PHAEDRA F. PERRY-BOND** | PART 35 |
| *Justice* | |

----------------------------------------------------------------------X

FINE CRAFTSMAN GROUP, LLC,

                Plaintiff,

       - v -

EDWARD DWYER, JOHN R. HALLE, SECURE SOURCE
ENERGY, 125 BROAD CHP, LLC,CS SOLUTIONS,
INC.,CS OPERATIONS, INC.

                Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157555/2023 |
| MOTION DATE | 03/26/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for                **JUDGMENT - SUMMARY**       .

Upon the foregoing documents, Defendants Edward Dwyer ("Dwyer"), John R. Halle ("Halle"), Secure Source Energy ("Secure Source"), 125 Broad CHP LLC ("125 CHP"), CS Solutions, Inc. ("CS Solutions"), and CS Operations, Inc. ("CS Operations") (collectively "Defendants") motion for summary judgment dismissing Plaintiff Fine Craftsman Group, LLC's ("Plaintiff") Complaint is granted.

## I.      Background

Plaintiff, a construction contractor, alleges that Secure Source, CS Solutions, and CS Operations (collectively "Secure Source Entities") are closely held and intertwined corporate entities owned and/or controlled by Defendants Dwyer and Halle. The Secure Source entities were allegedly formed in 2016 to assist buildings owners and managers with energy efficiency. 125 CHP is another alleged entity owned or controlled by Dwyer and Halle.

The 125 Broad Condominium (the "Broad Condominium") is a 40-story commercial condominium at 125 Broad Street, New York, New York (the "Premises"). Allegedly, prior to February 2021, the Broad Condominium entered into an agreement with Secure Source and/or 125 CHP to install a cooling, heat and power cogeneration system at the Premises. Subsequently, on February 8, 2021, 125 CHP entered an agreement with Plaintiff to supervise construction at the Broad Condominium. In March of 2022, Secure Source's independent contractor, Edward Miller, advised Defendants that the 125 Broad Condominium project was $10 million over budget, which prompted an audit that revealed Plaintiff and Miller were invoicing unrelated work to the project.

Meanwhile, due to alleged payment delays in August of 2022, Plaintiff allegedly advised 125 CHP and the unit owners of the Broad Condominium that it would have to suspend performance of its work at the Broad Condominium until it received payment. In September of 2022, 125 CHP and the Secure Source entities replaced Plaintiff with another entity named O&D Builders Inc. ("O&D Builders") and allegedly refused to pay Plaintiff sums allegedly owed, resulting in a mechanic's lien filed by Plaintiff against the Broad Condominium.

Plaintiff claims Defendants allegedly told numerous non-parties that Plaintiff embezzled millions of dollars from the project at the Broad Condominium. As a result, on July 28, 2023, Plaintiff initiated this action suing Defendants for defamation. Defendants appeared on October 12, 2023 and there has not yet been a preliminary conference, and Plaintiff purportedly has not noticed any deposition nor served any discovery requests.[1]

On March 26, 2025, Defendants filed the instant motion for summary judgment. Defendants claim the only time Plaintiff was discussed with third parties was to inform them why

---

[1] For whatever reason, despite the request for judicial intervention being filed on June 5, 2024, the Clerk's office did not assign this case to the undersigned until March 18, 2025. Nevertheless, there was nothing preventing Plaintiff from engaging in discovery prior to this point as Defendants served discovery requests to which Plaintiff responded. Moreover, it was not even Plaintiff who filed the request for a preliminary conference.

**157555/2023   FINE CRAFTSMAN GROUP, LLC vs. DWYER, EDWARD ET AL**
**Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

Plaintiff was terminated as the general contractor at projects Plaintiff was working on. Defendants' motion is supported by several non-party affidavits of individuals who worked with Plaintiff at the 125 Broad Condominium and swear, under penalty of perjury, that Plaintiff fraudulently invoiced for work at the 125 Broad Condominium to cover work performed at other projects. Specifically, Defendants submit the affidavit of Paul Jennings, formerly employed by Plaintiff, wherein he states Plaintiff's president, Krzysztof Pogorzelski instructed subcontractors to submit pricing proposals to capture the cost of work performed on residential properties outside the scope of the 125 Broad Condominium project (NYSCEF Doc. 29). He also states another contractor, Roe Site Management, submitted multiple requisitions for payment which Plaintiff submitted to Secure Source despite Plaintiff's knowledge that Roe Site Management never performed any work at the 125 Broad Condominium project.

There is an affidavit from Edward Miller where Miller states Plaintiff overcharged insurance premiums, identifies multiple specific invoices submitted for work not performed at the 125 Broad Condominium project, and identified hundreds of thousands of dollars unaccounted for (NYSCEF Doc. 30). Jose Segovia, the manager of Segovia Construction LLC, Plaintiff's subcontract, states in an affidavit that Plaintiff told Segovia to bill for work performed on Miller's residential properties to the 125 Broad Condominium project (NYSCEF Doc. 31). Plaintiff, through Pogorzelski, allegedly instructed Segovia and Segovia's wife how to "homogenize" work performed for payment purposes, including adding a 10% fee to all invoices to be paid to Plaintiff (*id.*). Plaintiff opposes the motion arguing the allegedly defamatory statements are not privileged or true, and that the motion is premature. But Plaintiff fails to provide any evidence actually disputing the numerous affidavits setting forth facts of Plaintiff's alleged fraudulent invoicing at the 125 Broad Condominium project.

157555/2023   FINE CRAFTSMAN GROUP, LLC vs. DWYER, EDWARD ET AL
Motion No. 001

Page 3 of 6

3 of 6

## II. Discussion

Defendants' motion is granted. Defendants met their *prima facie* burden of establishing the allegedly defamatory statements are substantially true and subject to the qualified privilege. This burden was met through the numerous uncontroverted affidavits detailing with factual specificity the fraud committed by Plaintiff on the 125 Broad Condominium project and the accompanying affidavits from Dwyer and Halle averring that the only time Plaintiff's theft was discussed was to explain why Plaintiff was no longer the general contractor.

A statement is substantially true if the allegedly published statement produced no worse an effect on the mind of the reader than the pleaded truth (*see Highland Capital Management, L.P. v Dow Jones & Co., Inc.*, 178 AD3d 572 [1st Dept 2019]). While Plaintiff may dispute the amount of money that was fraudulently invoiced, Plaintiff fails to produce any rebuttal evidence contradicting the numerous fact affidavits that Plaintiff's principal frequently and fraudulently billed to the 125 Broad Condominium project for work that was done elsewhere. Therefore, the gist of the defamatory statements are substantially true.

The qualified common interest privilege also applies here (*see, e.g. Ferguson v Shearman Square Realty Corp.*, 30 AD3d 288 [1st Dept 2006]). This privilege applies when the allegedly defamatory statements are made by a person with a legitimate interest in or a duty to make the communication to a person with a corresponding interest or duty (*see also Harpaz v Dunn*, 203 AD3d 601 [1st Dept 2022]). The undisputed record shows the allegedly defamatory statements were only made to the parties who needed to understand why Plaintiff was no longer serving as general contractor and to explain why a project was over budget.

In opposition, Plaintiff fails to raise an issue of fact. It has long been held that the party opposing a motion for summary judgment must "assemble, lay bare, and reveal his proofs in order

to show his [claims] are real and capable of being established on trial…it is insufficient to merely set forth averments of factual or legal conclusions" (*Schiraldi v U.S. Mineral* Products, 194 AD2d 482, 483 [1st Dept 1993] quoting *Tobron Office Furniture Corp. v King World Productions, Inc.*, 161 AD2d 355, 357 [1st Dept 1990]).

Here, Plaintiff failed to produce an explanation, let alone any documentary evidence, demonstrating the falsity of the very specific factual assertions made in the numerous non-party affidavits regarding widespread fraudulent billing perpetrated by Plaintiff (*see, e.g. Moorhouse v Standard, New York*, 124 Ad3d 1, 11-12 [1st Dept 2014]). Nor has Plaintiff shown any reason why the common interest privilege does not apply. Therefore, the undisputed record shows that the defamatory statements which serve as the basis of this action, namely that Plaintiff embezzled or misappropriated funds at the 125 Broad Condominium project, are substantially true and protected by the common interest privilege.

Plaintiff's argument that the motion is premature is without merit. There was nothing preventing Plaintiff from filing a request for judicial intervention or requesting discovery without a preliminary conference order. The record reflects the only party interested in moving this case forward were the Defendants, who ultimately filed the request for judicial intervention and served discovery demands on Plaintiff. A motion for summary judgment will not be deemed premature where the non-movant "had a reasonable opportunity to pursue discovery" but failed to show diligence in doing so (*Rodriguez v CB Developers*, --- N.Y.S.3d ----, 2026 N.Y. Slip Op. 00326 at * 1 [1st Dept 2026] quoting *Singh v New York City Hous. Auth.*, 177 AD3d 475, 476 [1st Dept 2019]). It would be unjust for Plaintiff to be rewarded in deeming this motion premature when it was Plaintiff's own dilatory conduct the led to it not having the discovery it now seeks. Therefore, the motion for summary judgment dismissing the Complaint is granted.

157555/2023   FINE CRAFTSMAN GROUP, LLC vs. DWYER, EDWARD ET AL
Motion No.  001

Page 5 of 6

5 of 6

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment is granted and the Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

2/26/26
_____
DATE

_____
HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | x | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157555/2023  FINE CRAFTSMAN GROUP, LLC vs. DWYER, EDWARD ET AL**
**Motion No.  001**